L. W. STASON ET AL., Appellants, v. THE CITY OF ALBIA.

Municipal corporations: SEVERANCE OF TERRITORY: PETITION: PROPERTY HOLDERS. The term property holders as used in the statute authorizing a severance of territory from a city or town has reference to owners of the real estate; and does not require that the

petition for severance be signed by holders of both real and personal property within the territory.

*Appeal from Monroe District Court.*—HON. M. A. ROBERTS, Judge.

FRIDAY, FEBRUARY 10, 1911.

THE opinion states the case. *Reversed.*

*W. E. Giltner* and *Mabry & Hickenlooper,* for appellants.

*D. W. Bates* and *Theodore B. Perry, Jr.,* for appellee.

SHERWIN, C. J.—This is a special proceeding under section 622, Code Supp. 1907, for the severance of territory from the defendant city. The petition was signed by a majority of the resident landowners of the territory sought to be severed; but the trial court held that the statute required it to be signed by a majority of the holders of both real and personal property, and, as the plaintiffs conceded that the petition had not been so signed, it was dismissed, and the plaintiffs appeal.

The only question involved in the appeal is the construction of section 622. It reads as follows: "When the inhabitants of any part of a town or city, whether the same is or is not laid out in lots and blocks, desire to have the part thereof in which they reside severed therefrom, they may apply by petition in writing, signed by a majority of the resident property holders of that part of the territory of such city or town, to the district court of the county, which petition shall describe the territory proposed to be severed, and have attached thereto a plat thereof, and shall name the person or persons authorized to act in behalf of the petitioners in the prosecution of said petition.

Where the property sought to be severed has not been sub-divided into lots or blocks and there are no owners residing upon any portion of the same, the petition may be signed and the proceedings maintained in like manner by a majority of the owners of the property sought to be severed." The proceedings thus authorized are for the purpose of severing from the city or town specifically designated territory or land. The first clause of the section points out the mode of procedure where the residents of certain territory are seeking its severance and says: "They may apply by petition in writing signed by a majority of the resident property holders of that part of the territory."

We think it clear that the language quoted, even if standing alone, means that the petitioners must be owners of the territory or land sought to be severed. Every one owns some personal property, and, if the Legislature had intended to require the owners of such property to join in the petition, the requirement that the petition be signed by "the resident property holders of that part of the territory" was entirely useless. But the second clause of the section removes all possible doubt as to the meaning of the first. It relates to the same subject matter, but to different conditions. It says that, when no owners of the property sought to be severed reside upon it, "the petition may be signed . . . by a majority of the owners of the property sought to be severed." The only distinction between the two clauses is that of residence, and it can not be that it was the intent to require a petition by the owners of the territory in one case and not in the other. The statutes relating to the independent incorporation of cities and towns, and to the abandonment thereof, throw no light on the construction of this statute.

The judgment is *reversed.*